Dennis LINDBERG, Relator,

v.

**DEPARTMENT OF NATURAL RESOURCES, Respondent.**

No. C3–85–1257.

Court of Appeals of Minnesota.

Feb. 18, 1986.

Charles W. Reynolds, Erickson, Erie, Odland, Fitzgerald & Reynolds, Crookston, for relator.

Hubert H. Humphrey, III, Minnesota Atty. Gen., Donald A. Kannas, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., and WOZNIAK and SEDGWICK, JJ.

**OPINION**

POPOVICH, Chief Judge.

Dennis Lindberg appeals from an order of the Commissioner of the Department of Natural Resources determining the ordinary high water level of Maple Lake in Polk County and ordering Lindberg not to repair the road placed in the lake. Lindberg contends the Commissioner's determination that the ordinary high water level of Maple Lake is 1173 feet above sea level is both unsupported by substantial evidence and arbitrary. We affirm.

## FACTS

Maple Lake is a 1445 acre public water as defined by Minn.Stat. § 105.37, subd. 14 (1984). In 1982 Lindberg purchased property which includes a 600 to 700 foot peninsula extending into the lake. A depression which is frequently filled with water separates the western end of the peninsula from the main portion. The predominant vegetation in the depression is cattail, an aquatic vegetation. In September 1982, Lindberg began constructing a road over the peninsula.

John Scherek, a supervisor of the hydrographic survey crew for the Department of Natural Resources, Division of Waters, on September 13 and 14, at the request of the Watershed District (and unrelated to Lindberg's activity) boated the entire shoreline of Maple Lake to gather evidence of the lake's ordinary high water level. He determined the water level of the lake was 1171.5 feet above sea level, observed stains on boulders at 1172.2 and 1172.6 feet and beach lines at 1172.9 and 1172.7 feet, and shot the elevations of 20 to 25 trees located near the shoreline. At the time he made his observations, Scherek was aware the Department of Natural Resources' records indicated the ordinary high water level of Maple Lake was 1172.1 feet but that no determination had been made in a contested case hearing. He was also aware of DNR records which showed that in 1970 the water level was 1172 feet and stains on boulders were found at 1172.7, 1173 and 1173.4 feet and that in November 1977 the water level was 1171.2 feet and stains on boulders were found at 1172.1 and 1172.5 feet. Scherek concluded the ordinary high water level of Maple Lake is 1173 feet.

In late September, a DNR area hydrologist inspected the area where Lindberg was constructing the road and informed him any work below the ordinary high water mark would require a permit from DNR.

DNR officials and Lindberg met on several occasions in late September and early October 1983 to discuss construction of a road in the depression. Lindberg conceded the depression was below the ordinary high water level and agreed not to proceed with construction. At the last meeting, DNR officials informed Lindberg that no permits would be issued for the work he proposed in the depression, but that he could apply for a permit and when it was denied, he could challenge it in court.

Shortly after the last meeting, Lindberg removed the cattails and muck from the depression and replaced them with crushed rock. He also installed a culvert across the eastern edge of the peninsula. The bottom of the culvert is at an elevation of 1171.9 feet and the top is at 1173.47 feet.

On December 23, 1983 the Commissioner ordered Lindberg to refrain from placing any materials in the lakebed lying below the ordinary high water level, an elevation of 1173 feet, and to remove the fill he had placed in the lake. When Lindberg took exception to the order, the Commissioner ordered a contested case hearing.

At the hearing, Scherek testified the ordinary high water mark indicates the upper limit of the lake basin and is set by nature. He considers tree elevations to be one of the primary evidences of ordinary high water level because they are the most permanent expressions of upland growth. The hardwoods which he observed varied from seven-tenths foot in diameter to 2½ feet in diameter and require an inch of soil covering the roots for each inch of trunk diameter although they can survive in several inches of water for a large part of a single growing season.

Scherek testified regarding DNR's records, his observations in 1982 and his observations in 1984. In 1984 he again boated Maple Lake and took elevations of several more trees. He observed the toe of an older ice ridge at 1173.4 feet, stains on boulders at 1172.5 feet and 1172.7 feet, the toe of an obvious slope at 1172.7 feet and a recent wash line at 1172.1 feet. He again concluded that the ordinary high water level is 1173 feet.

The hearing examiner found (1) the ordinary high water level of Maple Lake is 1172.1 feet, (2) Lindberg performed work

below the ordinary high water mark without obtaining a permit in violation of Minn. Stat. § 105.42, but (3) the work did not significantly change or diminish the cross section of the lake. He recommended the Commissioner fix the ordinary high water level at 1172.1 feet and rescind his order directing Lindberg to remove the fill.

The Commissioner determined the high water level of Maple Lake to be 1173 feet, Lindberg performed work below the ordinary high water level without permit, and in doing so he violated Minn.Stat. § 105.42 and several rules. He explained he rejected the administrative law judge's determination of the ordinary high water mark because there was no evidence to support a determination of 1172.1 feet. He ordered Lindberg to refrain from placing further fill in the lake and from repairing the rock ford.

### ISSUES

1. Is the Commissioner's determination that the ordinary high water level of Maple Lake is at an elevation of 1173 feet unsupported by substantial evidence?

2. Is the Commissioner's determination arbitrary?

### ANALYSIS

1. The Commissioner of Natural Resources is authorized to determine the ordinary high water level of public waters. Minn.Stat. §§ 105.39, subd. 3, 105.43 (1984). Ordinary high water level means:

> the boundary of public waters and wetlands, and shall be an elevation delineating the highest water level which has been maintained for a sufficient period of time to leave evidence upon the landscape, commonly that point where the natural vegetation changes from predominantly aquatic to predominantly terrestrial.

Minn.Stat. § 105.37, subd. 16 (1984).

Lindberg contends the Commissioner's determination of Maple Lake's ordinary high water level is unsupported by substantial evidence. Specifically he contends the

Commissioner failed to use the line of demarcation between aquatic and terrestrial vegetation as the principal guideline in determining the ordinary high water level.

■ The statutory definition of ordinary high water level applies to both public waters and to wetlands and for each the recoverable evidence may be different. However, in either case the ordinary high water level *"shall be* an elevation delineating the *highest* water level which has been maintained for a sufficient period of time to leave evidence upon the landscape." *Id.* (emphasis added). Any evidence left by the water must be considered when determining the ordinary high water level.

Lindberg does not contend the evidence used by the Commissioner did not indicate water had acted upon the landscape for a sufficient period of time to leave a mark, rather he contends the Commissioner erred by not using the point where the natural vegetation changes from predominantly aquatic to predominantly terrestrial. We disagree. The statute does not state the ordinary high water level *is* that point where the natural vegetation changes from predominantly aquatic to predominantly terrestrial but rather states it is "commonly that point." In many cases, particularly where wetlands are involved, the change in vegetation may be the only evidence available. There it is incumbent the Commissioner use the change in vegetation as the measure. However, for lakes, other evidence may be available if the lake is not presently at its ordinary high water level. If it is at the ordinary high water level the change in vegetation could be the only evidence available. If the lake is not at the ordinary high water level, other evidence which indicates the *highest* water level must be used for determining the highest water level which has been maintained for a sufficient period to leave evidence upon the landscape.

Lindberg complains that in 1982 the highest point at which Scherek could document recoverable evidence was 1172.7 feet. In doing so, Lindberg ignores the recorded documented stains on boulders at 1173 and

1173.4 feet and Scherek's reliance on the size of the trees bordering the lake. In any event, the Commissioner did not make his determination until 1984 after Scherek had observed an older ice ridge at 1173.4 feet.

■ Substantial evidence is:

1. Such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;

2. More than a scintilla of evidence;

3. More than some evidence;

4. More than any evidence; and

5. Evidence considered in its entirety.

*Cable Communications Board v. Nor-West Cable Communications Partnership*, 356 N.W.2d 658, 668 (Minn.1984). Here the Commissioner had a variety of evidence and Scherek's opinion. The evidence considered in its entirety supports the conclusion that the ordinary high water level is 1173 feet.

■ 2. Lindberg also argues that DNR's failure to obtain elevations at points where the vegetation changes from predominantly aquatic to predominantly terrestrial renders the Commissioner's decision arbitrary. For the reasons stated above, we conclude that the Commissioner's decision was not arbitrary.

### DECISION

The Commissioner of Natural Resources' determination the ordinary high water level of Maple Lake in Polk County is at an elevation of 1173 feet above sea level is supported by substantial evidence and is not arbitrary.

Affirmed.